UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| MODE GLOBAL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. 3:25-cv-2470 |
| | § | |
| THEODORE KURIGER and | § | |
| CHRISTIAN KIEFER, | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

IN THE HONORABLE UNITED STATES DISTRICT COURT

1. Defendants, Theodore Kuriger ("Kuriger") and Christian Kiefer ("Kiefer") (collectively, Defendants), hereby remove the action styled *Mode Global LLC v. Theodore Kuriger and Christian Kiefer*, DC-25-14793 (the "State Court Action"), *see* Pls. Pet. (Exhibit A) from the 101st Judicial District of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to the provisions of 28 U.S.C. §1441, *et seq.* on the basis of the following facts, which demonstrate the existence of diversity jurisdiction.

2. Defendants were served on September 5, 2025. Copies of the Return of Service and Issuance of Process are attached as Exhibits B and C. A copy of the State Court Docket Sheet is attached as Exhibit D.

3. This Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. §1332 because it is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest, and complete diversity of citizenship exists between the parties. Therefore, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441.

## I. REMOVAL IS PROPER IN THIS CASE

### A. The Amount in Controversy Exceeds $75,000

*4.* Plaintiff seeks injunctive relief the value of which is in excess of the statutory minimum for purposes of diversity jurisdiction. *See* 28 U.S.C. §1332(a) and §1446(c). To determine the amount in controversy in an action seeking declaratory or injunctive relief, courts measure the value of the "object of the litigation"—that is, the value of the right to be protected or the extent of the injury to be prevented. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Thus, the court initially will examine the factual allegations of the complaint/petition to determine whether it is "facially apparent" that the amount in controversy requirement has been satisfied. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003)). If it is not, the court may then rely on affidavits and other "summary judgment-type" evidence to ascertain the amount in controversy. *Id.*

5. Here, it is clear from the face of the Petition filed by MODE that the amount in controversy greatly exceeds $75,000. MODE has obtained a temporary restraining order and seeks a temporary injunction preventing Defendants from 1) using or disclosing MODE confidential information; 2) competing with MODE within the meaning of non-compete agreement between the parties; 3) soliciting MODE's customers, carriers or agents; or 4) soliciting MODE's employees or contractors. The Petition refers to MODE as "a leader in the freight brokerage and logistics industry," (Pet. at 4). It also notes that the covenants on which it relies were agreed by the parties as part of a transaction whereby MODE purchased certain assets from Defendants for $35 million and would be eligible to receive an additional $55 million and that each Defendant was paid $300,000 per year to manage the acquired business. (Pet. at 1, 4).

6. Moreover, the Petition was filed to obtain injunctive relief in support of an arbitration filed by MODE on August 18, 2025, wherein it claims that Defendants have breached

their contractual agreements with MODE and have committed fraud and breaches of fiduciary duty. MODE seeks "compensatory damages for the millions of dollars in damages" allegedly caused by Defendants' wrongdoing. *See* Declaration of Thomas E. Butler, dated September 1, 2025, attached as Exhibit E.

7. Thus, the "object of the litigation" below and value of the right to be protected or the extent of the injury to be prevented far exceeds $75,000.

8. In view of the above, the amount in controversy exceeds the jurisdictional amount.

**B.     There is Complete Diversity of Citizenship**

9. Plaintiff and each of the Defendants are of diverse citizenship.

10. "The court determines its jurisdiction by considering the plaintiff's claims as they existed at the time of removal." *Ramirez v. Allstate Vehicle & Prop. Ins. Co.*, 490 F.Sup.3d 1092, 1098-99 (S.D. Tex. 2020).

11. For the purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008).

12. Defendant, Theodore Kuriger, is an individual who is a citizen of the State of Pennsylvania.

13. Defendant Christian Kiefer is an individual who is a citizen the State of Pennsylvania.

14. Plaintiff Mode Global LLC is a limited liability company formed under the laws of the State of Delaware. Upon information and belief, none of its members are citizens of the State of Pennsylvania. As a result, upon information and belief, each of its members is of completely diverse citizenship from each of the Defendants.

15. Accordingly, because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00, this action shall be properly removed.

## C. The Procedural Requirements for Removal Have Been Satisfied

16. The Notice of Removal was timely pursuant to 28 U.S.C. §1446(b) because it was filed within 30 days of the date that Kiefer and Kuriger were served with Plaintiff's Petition. Counsel for Defendants agreed to accept service on September 4, 2025. (*See* Exhibit B.)

17. Venue for this removal is proper pursuant to 28 U.S.C. §1446(a) because this court is the United States District Court the district and division corresponding to Dallas County, Texas, the place where the State Court Action is pending.

18. Pursuant to 28 U.S.C. §1446(b), Defendants filed written notice of this removal with the district clerk of the state court where the action was pending. Copies of the Notice of Removal to the State Court Action together with this Notice of Removal, were served upon counsel for all parties pursuant to 28 U.S.C. §1446(b).

19. Pursuant to 28 U.S.C. §1446(a), the exhibits for this Removal are as follows:

- Exhibit A:  Plaintiff's Verified Petition and Application for Temporary Restraining Order and Temporary Injunction
- Exhibit B:  Issuance of Citation & Verified Petition to Theodore Kuriger
- Exhibit C:  Issuance of Citation & Verified Petition to Christian Kiefer
- Exhibit D:  Declaration of Thomas Butler
- Exhibit E:  Docket for State Court Action
- Exhibit F:  Civil Cover Sheet
- Exhibit G:  State Court Document Index
    - G-1.  See Exhibit A
    - G-2.  Plaintiff's Letter to Court re Request for Service to Defendants
    - G-3.  See Exhibit B
    - G-4.  See Exhibit C

      G-5.   Order Granting Plaintiff's Application for TRO to T. Kuriger

      G-6.   Order Granting Plaintiff's Application for TRO to C. Kiefer

      G-7.   Plaintiff's Emergency Motion for Expedited Discovery

      G-8.   Motion of Nonresident Attorney, Philip George for Admission *Pro Hac Vice*

      G-9.   Zachary Tobolowsky's Motion in Support of Nonresident Attorney Philip George's Motion for Admission PHV

      G-10.  Motion of Nonresident Attorney, Jake Evans' for Admission *Pro Hac Vice*

      G-11.  Zachary Tobolowsky's Motion in Support of Nonresident Attorney Jake Evans's Motion for Admission PHV

      G-12.  Notice of Hearing re Plaintiff's Application for Temporary Injunction

      G-13.  Notice of DWOP Hearing via Submission

      G-14.  Plaintiff's Motion to Extend Temporary Restraining Order and Reset Temporary Injunction

- Exhibit H:   Supplemental Civil Cover Sheet

20.   Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding the Plaintiff's claims upon which relief may be granted, without admitting that Plaintiff has standing and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever.

21.   The undersigned has signed this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, in accordance with 28 U.S.C. §1446(a).

## II.  CONCLUSION

WHEREFORE, Defendants remove this action from 101st District Court of Dallas County, Texas to United States District Court for the Northern District of Texas, Dallas Division, and request that this court retain jurisdiction for all further proceedings in this matter.

Respectfully submitted,

Duane Morris LLP

By: */s/ Joseph M. Cox*
    Joseph M. Cox
    State Bar No. 04950200
    JMCox@duanemorris.com
    John S. Polzer
    State Bar No. 24042609
    JSPolzer@duanemorris.com
    100 Crescent Court, Suite 1200
    Dallas, Texas 75201
    Tel: (214) 257-7100

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via electronic service on this 11th day of September 2025.

By: */s/ Joseph M. Cox*
    Joseph M. Cox