IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MODE GLOBAL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-2470-K |
| | § | |
| THEODORE KURIGER and | § | |
| CHRISTIAN KIEFER, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR EXPEDITED DISCOVERY**

Plaintiff MODE Global, LLC ("MODE") filed this lawsuit against two of its former executives alleging claims for breach of contract and fiduciary duty and for tortious interference in a Dallas County, Texas state court on August 28, 2025 and, the same day, obtained a temporary restraining order ("TRO") against Defendants Theodore Kuriger and Christian Kiefer. *See* Dkt. Nos. 1, 7, & 13. The state court extended the TRO to October 3, set a hearing on MODE's request for a temporary injunction, and granted its request for expedited discovery. *See id.* And Defendants removed this lawsuit on September 11. *See id.*

On September 17, MODE filed in federal court its emergency motion for expedited discovery [Dkt. No. 9] ("Motion"), "seek[ing] the same relief that the state court already granted and that Defendants already did not oppose – expedited discovery in preparation for a hearing on a preliminary injunction," *id.* at 2.

The parties filed expedited briefing pursuant to United States District Judge Ed Kinkeade's September 18 order. *See* Dkt. Nos. 11, 15, & 17. And Judge Kinkeade

has referred the Motion to the undersigned United States magistrate judge for hearing, if necessary, and determination. *See* Dkt. No. 16; 28 U.S.C. § 636(b)(1).

For the following reasons, the Motion is GRANTED IN PART and DENIED IN PART.

## Discussion

"Once a state court action is removed, it is governed by federal, rather than state, procedure." *McIntyre v. K-Mart Corp.*, 794 F.2d 1023, 1025 (5th Cir. 1986) (cleaned up).

But "[a] case removed from state court simply comes into the federal system in the same condition in which it left the state system." *Matter of Meyerland Co.*, 960 F.2d 512, 520 (5th Cir. 1992) (en banc).

And "[j]udicial economy is promoted by allowing for proceedings initiating in state court to have full force and effect in federal court," *NCNB Tex. Nat'l Bank v. Johnson*, 11 F.3d 1260, 1264 (5th Cir. 1994), and, so, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court," 28 U.S.C. § 1450.

Under Section 1450, "[i]nterlocutory state court orders are kept in force upon removal of a case to federal court" but are given "no greater 'force and effect' than they would have obtained had the case remained in state court," and, "by ensuring these orders do not lapse upon removal, the statute facilitates the federal court's taking the case up where the state court left it off" and by "accept[ing] the case in its current posture as though everything done in state court had in fact been done in the

federal court." *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1303 (5th Cir. 1988) (cleaned up).

"On the other hand, it is well established that the state court order becomes federalized insofar as federal, rather than state, procedure governs the manner of its enforcement as well as supplies whatever policy justification that might support its continuance"; "[t]o the extent the state court order requires the parties to act or refrain from acting in a manner inconsistent with federal procedural requirements, the district court must accommodate the order to federal law"; and, "whenever a case is removed, interlocutory state court orders are transformed by operation of 28 U.S.C. § 1450 into orders of the federal district court to which the action is removed," and "[t]he district court is thereupon free to treat the order as it would any such interlocutory order it might itself have entered." *Id.* at 1303-04.

And, so, the district court "is free to reconsider and reverse [that order] for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citing FED. R. CIV. P. 54(b)), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1995) (en banc)).

To start, Defendants provide that they only did not oppose MODE's request for expedited discovery in state court because they would shortly be removing this lawsuit to federal court. *See* Dkt. No. 15-1 at 2 (¶ 8), This is not, then, an instance of

expedited discovery by stipulation for purposes of Federal Rule of Civil Procedure 26(d)(1).

Rather, the expedited discovery here was presumably ordered by the state court under the Texas Rules of Civil Procedure.

But, "[u]nder [Rule] 26(d)(1), a party 'may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... [when authorized by these rules, by stipulation, or] by court order.'" *Fiduciary Network, LLC v. Buehler*, No. 3:15-cv-808-M, 2015 WL 11120985, at *1 (N.D. Tex. Mar. 23, 2015) (quoting FED. R. CIV. P. 26(d)(1)).

And, while "[t]he Federal Rules do not provide a standard for ordering expedited discovery," district courts in this circuit "utilize a 'good cause' standard." *Id.*; *see also Dish Network L.L.C. v. Motasaki*, No. 4:20-CV-1702, 2020 WL 10786543, at *1 (S.D. Tex. June 26, 2020) ("Any party seeking expedited discovery must show good cause." (citation omitted)).

"Under the good cause standard, as applied in this circuit, courts consider five factors: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *EYM Pizza of Ga. LLC v. Pizza Hut LLC*, No. 3:24-cv-646-X, 2024 WL 1743363, at *1 (N.D. Tex. Mar. 27, 2024) (cleaned up).

And, so, "good cause typically exists where" "[t]he party seeking expedited

discovery" demonstrates that "the need for expedited discovery outweighs the prejudice to the responding party," while showing that "the scope of the requests [are] narrowly tailored to the necessary information [sought]." *ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D. 58, 61 (M.D. La. 2016) (cleaned up).

Under this standard, courts have explained that "expedited discovery has been granted where" "the discovery would better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing." *Talon Transformation Tech., Inc. v. StoneEagle Servs., Inc.*, No. 3:13-cv-902-P, 2013 WL 12172925, at *2 (N.D. Tex. May 14, 2013) (cleaned up). And, while a "pending preliminary injunction application can provide a basis for good cause, it does not constitute per se good cause." *Id.* (cleaned up).

In any event, "[t]he burden of showing good cause is on the party seeking the expedited discovery." *Accruent*, 2017 WL 8811606, at *1.

And, without losing sight of that burden, "where a plaintiff seeks expedited discovery to prepare for a preliminary injunction hearing, it makes sense [that the Court] examine the discovery request, as [this and other judges in this district] have done [under the multi-factor good cause standard], on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000) (cleaned up); *accord EYM Pizza*, 2024 WL 1743363, at *1; *Jani-King of Miami, Inc. v. Leicht*, No. 3:23-cv-389-B, 2023 WL 2825689, at *2 (N.D. Tex. Mar. 17, 2023); *PhalloFill Clinics, LLC v. Pash*, No. 3:22-cv-2268-N, 2023 WL

2496591, at *1 (N.D. Tex. Feb. 8, 2023); *Fidelity Brokerage Servs., LLC v. Edwards*, No. 3:20-cv-852-E, 2021 WL 3771771, at *1 (N.D. Tex. Feb. 4, 2021); *Digital Generation, Inc. v. Boring*, No. 3:12-cv-329-L-BK, 2012 WL 12872463, at *2 (N.D. Tex. Mar. 5, 2012); *Paterson Enters. Ltd. v. Whitmore Mfg. Co.*, No. 3:11-cv-974-L-BH, 2011 WL 13233312, at *1 & n.1 (N.D. Tex. May 12, 2011).

Applying these standards to the discovery requests that MODE attaches to the Motion, the Court finds that, while some could easily be classified as improper in this context – *e.g.*, the requests "for forensic images of all of Defendants' personal devices including cellphones" – some requests are narrowly tailored enough and not too burdensome under all the relevant circumstances such that MODE has shown good cause for the Court to order that Defendants respond to those requests to allow MODE to present its position on temporary injunctive relief to Judge Kinkeade and to assist him to determine whether such relief should be granted (or continued).

## Conclusion

The Court GRANTS IN PART and DENIES IN PART Plaintiff's Emergency Motion for Expedited Discovery [Dkt. No. 9] to the extent that Defendants are ORDERED to respond to the following requests by **5:00 p.m. Central Time on October 1, 2025**: Interrogatory Nos. 3, 4, and 5 to Mr. Kiefer, *see* Dkt. No. 9-1 at 6; Interrogatory Nos. 2, 4, and 5 to Mr. Kuriger, *see id.* at 14; Request for Production Nos. 1 and 2 to Mr. Kiefer, *see id.* at 22-23; and Request for Production Nos. 1 and 2 to Mr. Kuriger, *see id.* at 30-31.

Defendants assert in their response that any expedited discovery allowed

should be mutual. But they fail to file their own motion. And the Court will not entertain a request for discovery made solely through a response.

And, to the extent it's applicable after removal, the Court RECONSIDERS and MODIFIES the state court's order granting expedited discovery as set out above. *See* FED. R. CIV. P. 54(b).

SO ORDERED.

DATED: September 25, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE