IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MODE GLOBAL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-2470-K |
| | § | |
| THEODORE KURIGER and | § | |
| CHRISTIAN KIEFER, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff MODE Global, LLC's Amended Expedited Motion to Extend or Enter a New Temporary Restraining Order (the "Amended Motion") (Doc. No. 30). Plaintiff requests an extension of a state court-issued temporary restraining order set to expire on Friday, October 3, 2025 at 5:00 P.M. Alternatively, Plaintiff requests a new temporary restraining order. Having carefully considered the arguments set forth in the Amended Motion, Defendants Theodore Kuriger and Christian Kiefer's Response to the Amended Motion (the "Response") (Doc. No. 32), and Plaintiff's Reply in Support of its Amended Motion (the "Reply") (Doc. No. 33), as well as the applicable law and relevant portions of the record, the Court **DENIES** the Amended Motion.

I.      **Relevant Background**

A brief summary of the procedural posture of this case is important. Defendants

removed this case to federal court on September 11, 2025, on diversity of citizenship grounds under 28 U.S.C. § 1332(a). *See generally* Doc. No. 1. Defendants filed their Amended Notice of Removal (Doc. No. 13) in response to the Court's order requiring correction of deficiencies in Defendants' jurisdictional allegations (Doc. No. 10). Plaintiff filed its first Expedited Motion to Extend or Enter a New Temporary Restraining Order on September 29, 2025. *See generally* Doc. No. 26 (the "First Motion"). The Court denied the First Motion because the record attached to the First Motion was insufficient. *See* Doc. No. 28. Plaintiff filed the present Amended Motion on October 1, 2025. Doc. No. 30.

Plaintiff obtained a temporary restraining order in Texas state court on August 28, 2025, which was set to expire on September 11, 2025. *Id.* at 6; *see also* Doc. No. 30-2 at 8. After discussions between the Parties, they agreed to an extension of the temporary restraining order and the state court granted that extension. Doc. No. 30 at 6; *see also* Doc. No. 30-4. The state court-issued temporary restraining order is now set to expire on Friday, October 3, 2025 at 5:00 P.M. Doc. No. 30-4 at 2.

## II.    Extension of Current State Court-Issued Temporary Restraining Order

Federal Rule of Civil Procedure 65 permits the court to issue a temporary restraining order. FED. R. CIV. P. 65(b). Temporary restraining orders are "to preserve, for a very brief time, the status quo, so to avoid irreparable injury pending a hearing on the issuance of a preliminary injunction." *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 829 (5th Cir. 1976). The court has discretion in deciding whether to grant

or deny an injunction, and the issuance of an injunctive order "is to be treated as the exception rather than the rule." *See Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

Plaintiff seeks an extension of the temporary restraining order currently in place. *See* Doc. No. 30 at 1. The court may extend an already-issued temporary restraining order "for good cause." FED. R. CIV. P. 65(b)(2). "An analysis of 'good cause shown' required for an extension of a previously-obtained temporary restraining order necessitates consideration of the well-established prerequisites for preliminary injunctive relief." *Howell v. CitiMortgage, Inc.*, Civ. Action No. 4:16-CV-00943-O-BP, 2016 WL 6820471, at *2 (N.D. Tex. Oct. 31, 2016) (Ray, Jr., M.J.) (findings and recommendations adopted by *Howell v. CitiMortgage, Inc.*, Civ. Action No. 4:16-CV-943-O, 2016 WL 6804818 (N.D. Tex. Nov. 17, 2016) (O'Connor, J.)) (denying plaintiff's motion to extend temporary restraining order because plaintiff did not adequately show a "substantial threat" of "irreparable harm" in the absence of the requested extension.). "Therefore, plaintiffs must establish [the four preliminary injunction elements] to obtain the requested [temporary restraining order] extension." *Almo Inv. Ltd. v. Kaufman Cnty.*, Civ. Action No. 3:22-CV-2371-M, 2022 WL 15525759, at *1 (N.D. Tex. Oct. 27, 2022) (Fitzwater, S.J.)

To obtain a preliminary injunction, and in this case an extension of a temporary restraining order or a new temporary restraining order, Plaintiff must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of imminent and

irreparable harm for which Plaintiff has no adequate remedy at law; (3) that greater injury will result from denying the temporary restraining order than if it is granted; and (4) that a temporary restraining order will not disserve the public interest. *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013). "A [movant] seeking to show irreparable harm must show that: (a) harm to the [movant] is imminent; (b) the injury would be irreparable; and (c) the [movant] has no other adequate legal remedy." *Mannatech, Inc. v. Wellness Quest, LLC*, Civ. Action No. 3:14-CV-2497-K, 2014 WL 11515729, at *1 (N.D. Tex. Nov. 4, 2014) (Kinkeade, J.) (internal citation omitted). "It is well-established that an injury is irreparable only 'if it cannot be undone through monetary remedies.'" *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012); *see Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011) ("[H]arm is irreparable where there is no adequate remedy at law, such as monetary damages."). Further, the movant must show "that irreparable injury is *likely* in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). If the movant fails to sufficiently establish any one of the four elements, the Court must deny the request for a temporary restraining order. *See Enter. Int'l v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

Here, Plaintiff fails to establish the existence of a substantial threat of imminent and irreparable harm that will likely result if the extension is not granted. *See Winter*, 555 U.S. at 22. Specifically, Plaintiff fails to sufficiently establish the lack of an adequate remedy at law, such as monetary damages. *See Janvey*, 647 F.3d at 600. As a

result, Plaintiff fails to establish good cause for an extension of the temporary restraining order. *See* FED. R. CIV. P. 65(b)(2); *see also Howell*, 2016 WL 6820471 at *2. The Court **DENIES** Plaintiff's request for an extension of the state court-issued temporary restraining order.

### III.    Request for New Temporary Restraining Order

As the Court determines in the previous section, Plaintiff fails to establish the existence of imminent and irreparable harm because Plaintiff does not establish the lack of an adequate remedy at law. In particular, Plaintiff fails to establish why monetary damages are not an adequate legal remedy under the facts of this case. *See Dennis Melancon, Inc.*, 703 F.3d at 279. The Court **DENIES** Plaintiff's alternative request for issuance of a new temporary restraining order.

### IV.    Conclusion

For the foregoing reasons, the Court **DENIES** the Amended Motion. The current state court-issued temporary restraining order will expire on **Friday, October 3, 2025 at 5:00 P.M.**

**SO ORDERED.**

Signed October 3rd, 2025.

_Ed Kinkeade_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE

5